IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SUSAN HERING, as Next Friend and Putative § <br> Successor Guardian of the Person and Estate § <br> Of KENNETH BOYD HENDRIX, JR., § <br> Incapacitated, the sole surviving heir-at-law § <br> Of KENNETH BOYD HENDRIX, deceased § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> § <br> SHELL FEDERAL CREDIT UNION § <br> *Defendant(s).* § | CIVIL ACTION NO. 3:23-cv-00175 |

## NOTICE OF REMOVAL

Defendant, SHELL FEDERAL CREDIT UNION ("SFCU" or "Defendant"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the 253rd District Court of Chambers County, Texas to the United States District Court for the Southern District of Texas, Galveston Division. The grounds for removal are as follows:

### I.   STATE COURT ACTION

1. Plaintiff commenced this action by filing an Original Petition (the "Complaint") on June 2, 2023, in the 253rd District Court of Chambers County, Texas. The case was docketed as Cause No. 23DCV0420 (the "State Court Action"). The Complaint seeks to prevent the foreclosure of property located at 330 Lazy River Ln., Baytown, Texas 77523(the "Property").

2. Copies of the Complaint and summons were never served upon SFCU. SFCU became aware of the State Court Action on June 2, 2023, when Plaintiff's counsel emailed a copy of the filed Petition to counsel for SFCU. SFCU is filing its Original Answer in the State Court Action prior to filing this Notice of Removal. True and correct copies of the Complaint and SFCU's Answer and Counterclaims are attached hereto as **Exhibit "3."**

3. In the Complaint, Plaintiff seeks damages, exemplary damages, an award of costs and fees, and interest on all amounts awarded. Plaintiff did not pursue a Temporary Restraining Order as the filing of this suit automatically stayed SFCU's ability to foreclose pursuant to a Rule 736 order authorizing foreclosure entered by the Harris County Probate Court Number 1 on April 17, 2023. A copy of all orders signed by the state court judge are attached hereto as **Exhibit "4."**

4. Under 28 U.S.C. §1446(b), this Notice of Removal must be filed within thirty days of the service of the Complaint and summons. SFCU was not served with citation or a copy of the Complaint, but voluntarily filed an answer on June 12, 2023. SFCU's answer constitutes a voluntary waiver of service under Texas Rule of Civil Procedure 119 and 120. The thirty-day removal deadline began to run on the date of SFCU's answer. SFCU timely files this Notice of Removal on June 13, 2023. *See George-Bauchand v. Wells Fargo Home Mortg., Inc.* 2010 WL 5173004, at *4 (S.D.Tex. Dec. 14, 2010) (finding that in the absence of service of citation, the deadline to remove case began to run upon defendant voluntarily filing an answer).

5. Plaintiff requested a jury trial in the State Court Action.

## II.   PROCEDURAL REQUIREMENTS

6. Defendant attaches the following to this Notice of Removal:

   a. A Civil Cover Sheet (**Exhibit 1**);

   b. All executed process in this case **(Exhibit 2)**;

   c. Plaintiff's Original Petition and Defendant's Original Answer and Counterclaim (**Exhibit 3**);

   d. All orders signed by the state judge (**Exhibit 4**);

   e. The docket sheet (**Exhibit 5**);

   f. An index of matters being filed (**Exhibit 6**);

   g. A list of all counsel of record, including addresses, telephone numbers, and parties represented (**Exhibit 7**);

h.  Disclosure Statement and Certificate of Interested Parties (**Exhibit 8**).

To the extent possible, these documents are arranged in chronological order according to the state court filing date.

7. Concurrent with the filing of this Notice, SFCU is serving this Notice on Plaintiff and filing a copy of the Notice with the Clerk of the 253rd District Court of Chambers County, Texas.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b)(2) and 144(a), because the United States District Court for the Southern District of Texas, Galveston Division is the federal judicial district embracing the 253rd Judicial District Court of Chambers County, Texas, where this action was originally filed.

9. SFCU is filing its *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit "8."**

10. SFCU reserves the right to assert any defenses and/or objections to which it may be entitled.

### III.   BASIS FOR REMOVAL JURISDICTION

11. The case is removable because this Court can exercise federal question jurisdiction. *See* 28 U.S.C. § 1331.

**A.   Federal Question**

12. A defendant may remove a case to federal court if the plaintiff could have originally filed suit in federal court. *See* 28 U.S.C. 1441. In addition, a case arises 28 U.S.C. § 1331 if "a well-pleaded complaint establishes either…federal law creates the cause of action or…the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).

13. Plaintiff attempts to state a claim under the Real Estate Settlement Procedures Act (12 U.S.C. § 2605 *et seq.*) and regulations promulgated under that legislation. Plaintiff's petition alleges the SFCU violated Regulation X by refusing to provide Plaintiff with information concerning the loan after being advised that the actual borrower had died. Plaintiff has therefore raised a federal question pursuant to 28 U.S.C. 1331.

## V.   CONCLUSION

14. The Court may exercise jurisdiction under 28 U.S.C. § 1331 because Plaintiff has asserted a cause of action under 12 U.S.C. §2605 et seq., which is a civil action arising under the laws of the United States. SFCU respectfully asks this Court to accept this Notice of Removal, that further proceedings in the State Court Action be discontinued and that this suit be removed to the United States District Court for the Southern District of Texas, Galveston Division.

Dated: June 13, 2023.

Respectfully submitted,

**HUGHES WATTERS ASKANASE, LLP**

By: __/s/ Damian W. Abreo_____
   Damian W. Abreo
   Texas Bar No. 24006728
   TotalEnergies Tower
   1201 Louisiana Street, 28th Floor
   Houston, Texas 77002
   (713) 759-0818 (Telephone)
   (713) 759-6834 (Facsimile)
   dabreo@hwa.com (E-mail)

**ATTORNEYS FOR DEFENDANT,
FIRST HORIZON BANK**

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Notice of Removal was forwarded to all parties and/or their attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this the 13th day of June, 2023, addressed as follows:

***Via Email:*** *jgh@jghfirm.com*
John G. Helstowski
5209 Heritage Ave., Suite 510
Colleyville, Texas 76034
Tel:  817-382-3125
Fax:  817-382-1799

**ATTORNEY FOR PLAINTIFF**

    _/s/ Damian W. Abreo_____
    Damian W. Abreo